679 A.2d 837

**Elizabeth A. BRADY, Appellant**

v.

**Patrick N. FORD, District Justice.**

Superior Court of Pennsylvania.

Argued April 19, 1996.

Filed July 17, 1996.

Elizabeth E. Wachsman, Clearfield, for appellant.

Before HUDOCK, FORD ELLIOTT and BROSKY, JJ.

BROSKY, Judge.

This is an appeal from the final order of the trial court denying appellant's petition in which she sought equitable relief from the district justice's assessment of taxable costs against her. The sole issue presented for our review is whether the trial court erred in affirming the district justice's assessment of costs. We reverse and remand for further proceedings.

We will briefly recount the pertinent facts giving rise to this appeal before addressing appellant's claim. Appellant, Elizabeth Brady, filed a complaint against William Satterlee & Sons, Inc. (WSSI) in May of 1995, in connection with a delivery of heating fuel. Appellant sought recovery of damages in the sum of $125.77.

Appellant is undisputedly indigent, as her primary means of support is food stamps and public assistance. N.T. 10/11/95 at 6–7. Consequently, appellant filed a petition requesting permission to proceed *in forma pauperis*. Appellant's petition was granted; she was permitted to proceed without paying the filing and service fees.

WSSI filed a cross-complaint in the same action. A hearing on both the complaint and cross-complaint was held on July 10, 1995 following which the district justice found in favor of WSSI in each matter. A judgment in the sum of $12.88, representing the amount of damages owed to WSSI, was entered against appellant on the cross-complaint. The judgment did not include a separate entry for taxable costs.

The district justice subsequently sent appellant a note indicating that she was responsible for payment of the filing fees in the sum of $33.50.[1] Appellant filed a petition in equity in

---

1. The costs to be charged by a district justice in a civil case involving $500 or less is $32.00. 42 Pa.C.S.A. § 1725.1. District justices are additionally authorized to collect a fee of $1.50 which is to be credited to the Judicial Computer System Augmentation Account. 42 Pa.C.S.A. § 3733(a.1). Consequently, the total filing fee was $33.50 ($32.00 + $1.50 = $33.50).

which she sought to be excused from paying these fees. Appellant further requested leave to proceed *in forma pauperis* with respect to her petition; permission was granted.[2] A hearing was held on October 11, 1995 following which the trial court denied appellant's petition. This timely appeal followed.

The procedural rules governing actions and proceedings before a district justice generally provide that the prevailing party is entitled to recover his taxable costs from the unsuccessful litigant. Pa.R.C.P.D.J., Rule 206B and Rule 322, 42 Pa.C.S.A. and the 1990 Explanatory comments thereto. Taxable costs consist of all filing, personal service, witness and execution costs or fees authorized by law or general rule and paid by the prevailing party. *Id.*, at Rule 206B, and note thereto. Where a plaintiff prevails, he or she is entitled to recover the taxable costs from the defendant. *Id.* However, a prevailing plaintiff who has been permitted to proceed *in forma pauperis* cannot recover the taxable costs; rather, these costs must be paid to the district justice. *Id.*, at Rule 206E(v).

In this case, WSSI was the prevailing party. WSSI is thus entitled to recover from appellant those taxable costs which were either expended in defense of appellant's action or in support of its own cross-complaint. Rule 206B, *supra*. However, WSSI was not required to pay any filing fees because the fees were the responsibility of appellant, who was excused from payment due to her *in forma pauperis* status. WSSI also did not pay a fee to file its cross-complaint, because no fees are charged for such filings. Note, Pa.R.C.P.D.J., Rule 315, 42 Pa.C.S.A.; *see also* N.T. 10/11/95 at 3 (in which the district justice explained that WSSI was not required to pay any costs or fees because the cross-complaint arose out of the same incident as appellant's claim).

Nor does it appear that any other fees or costs were actually paid by WSSI. N.T. 10/11/95 at 3. In fact, the judgment entered in favor of WSSI indicates that no taxable costs

---

2. Appellant has maintained her *in forma pauperis* status throughout these proceedings.

were assessed. *See* Judgment, entered 7/10/95 (attached as Exhibit A to appellant's petition on assessment of filing fees). The district justice's decision thus cannot be treated as an assessment of taxable costs owed to the prevailing party.

In any event, the assessment was not intended to represent the taxable costs recoverable by WSSI. Instead, the district justice sought to collect the filing fees that ordinarily would have been paid by appellant if she had not been permitted to proceed *in forma pauperis. See* N.T. 10/11/95 at 14 (in which the district justice explained that the assessment of $33.50 was based on the $32.00 filing fee and the additional $1.50 fee to fund the Unified Judicial System Computer Project). This was clearly improper.

The Judicial Code formerly provided that "[t]he unified judicial system is established for the good order of society and the correction of injustice, and [that] no person should have right and justice denied or delayed by reason of poverty." 42 Pa.C.S.A. § 1725(a)(1), *repealed* by the Act of December 14, 1992, P.L. 872, No. 140, § 5. The Supreme Court was evidently aware of this statute, as it was referenced in the 1992 Explanatory Comment to District Justice Rule 206. *See* 1992 Explanatory Comment, Pa.R.C.P.D.J., Rule 206, 42 Pa.C.S.A. (noting that the Judicial Code provides for *in forma pauperis* proceedings for all courts under the Unified Judicial System).[3] It thus appears that the Supreme Court extended the right to proceed *in forma pauperis* to minor courts in recognition of this legislative directive.

In adopting the rule, the Supreme Court did not provide for the assessment of filing fees against an unsuccessful plaintiff who has been permitted to proceed *in forma pauperis* and who remains indigent.[4] Nor did the Supreme Court authorize

3. The *in forma pauperis* amendments to Rule 206 were effective as of June 25, 1992. *See* Comment, Rule 206. The repeal of section 1725(a)(1) was not effective until February 12, 1993. *See* Act of December 14, 1992, P.L. 872, No. 140, § 5. Thus, the statute was still in existence when the Rule 206 amendments went into effect.

4. Of course, a party whose financial condition improves would be obligated to pay the filing and service fees. *See* Rule 206E(vi) (requiring an *in forma pauperis* petition to include a statement in which the

the assessment of filing fees in cases where the district justice believes the plaintiff's action to be frivolous. *Compare* Pa. R.C.P.D.J., Rule 206E, 42 Pa.C.S.A. and 1992 Explanatory comment (explaining that Rule 206 is based on Pa.R.C.P., Rule 240, 42 Pa.C.S.A.) *with* Pa.R.C.P., Rule 240(j), 42 Pa.C.S.A. (permitting the court to dismiss an action, proceeding or appeal, prior to acting upon a petition for permission to proceed *in forma pauperis,* if the allegation of poverty is untrue or if the court is satisfied that the action, proceeding or appeal is frivolous). Rather, the rule is phrased in mandatory language which clearly and unambiguously states that "[a] party permitted to proceed *in forma pauperis shall not be required to pay the filing fee imposed or authorized by Act of Assembly or general rule."* Rule 206E(iv) (emphasis added).

Had the Supreme Court intended to allow the recoupment of filing fees from an unsuccessful litigant, it would have so stated. The Court did not do so, however. To interpret the rule in the manner posited by the district justice and the trial court would have a chilling effect upon indigent litigants with legitimate claims, as these individuals may decide that it is more economical to forego pursuit of their legal rights rather than face the prospect of paying filing fees at a later date in the event the suit is ultimately unsuccessful. Moreover, such a construction would effectively undermine the purpose of the *in forma pauperis* provisions and frustrate the obvious desire of the legislature and the Supreme Court to provide indigent litigants with access to the minor judiciary.

The district justice's and the trial court's application of Rule 206 would work a substantial change in the manner in which *in forma pauperis* proceedings are handled by district justices across the state. If a change of this magnitude is to be forthcoming, it is one which is best left within the discretion of the Supreme Court or the General Assembly rather than an

petitioner acknowledges his or her continuing obligation to inform the Court of improvement in financial circumstances which would permit him or her to pay the costs incurred in prosecuting the action). However, we are not presented with this situation here, because appellant has remained indigent throughout the litigation.

intermediate appellate court. We therefore decline to interpret the rule so as to permit the recovery of filing fees.

As previously noted, appellant was not required to pay under Rule 206E(iv), *supra*, because she requested permission to proceed *in forma pauperis* and her petition was granted by the district justice. Because the trial court concluded otherwise, its decision is clearly erroneous. We accordingly reverse the order of the trial court and remand for the entry of an appropriate order consistent with this opinion.

Order reversed. Remanded with directives. Jurisdiction relinquished.